UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALEXANDER SCOTT YOSSETT,

    Defendant.
                                         /

No. 1:21-CR-4

Hon. Hala Y. Jarbou
United States District Judge

**Opposition to Defendant's Motion (R.31) to Exclude Rule 404(b)(2) Evidence**

The Court should deny the defendant's motion (R.31) to exclude Rule 404(b)(2) evidence. The United States provided notice to the defense that it may introduce at trial evidence that the defendant inappropriately touched the hand, arm, and/or leg of another eight-year-old child and instructed her not to tell. As the United States explained, it does not intend to introduce this evidence in its case in chief. Instead, the United States may introduce such evidence in rebuttal, or inquire about it during cross examination, if the defendant raises a claim of mistake or accident, or disputes intent in such a way that would make his other conduct relevant. In other words, the United States does not intend to use this evidence as a sword, but only as a shield if the defendant raises a claim of mistake, accident, or lack of intent.

    **I.**    **Background**

        **A. General Background Underlying the Charges**

The United States expects that the evidence at trial will show that between 2018 and 2020, the defendant had access to Child 1 and Child 2 because he was in a relationship with the children's mother. During the time they were together, the defendant sexually assaulted the children in the ways alleged in the Superseding Indictment. Specifically, Count 1 alleges that "the defendant used

and attempted to use his penis to penetrate the vulva and anus of Child 1." (R.26: S. Ind., PageID.58.) Count 2 alleges that "the defendant used and attempted to use his finger to penetrate the anal and genital opening of Child 1 with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person." (*Id*., PageID.59.) Count 3 alleges that "the defendant intentionally touched, and attempted to intentionally touch, not through the clothing, the genitalia of Child 1 with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person." (*Id*., PageID.60.) Count 4 alleges that "the defendant intentionally touched, and attempted to intentionally touch, not through the clothing, the genitalia of Child 2 with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person." (*Id*., PageID.61.) And Count 5 alleges that "the defendant intentionally touched Child 2's genitalia and groin through the clothing, and he intentionally touched Child 2's buttocks and inner thigh directly and through the clothing, all with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person." (*Id*., PageID.62.)

### B. Defendant's Claims of Mistake or Accident in This Case

As noted in the Complaint, when the defendant was first confronted about his conduct in this case, he "stated, in sum or substance, that any touching was accidental or he had forgotten that anything occurred." (R.1, Compl. Cont., PageID.4.) When interviewed by police, he said he may have touched Child 2 on accident while he was tickling her, but he "definitely wasn't trying to."

### C. Notice

On February 3, 2021, the United States provided the defense with copies of police reports documenting the Rule 404(b)(2) conduct at issue in this motion. On April 21, 2021, the United States provided defense counsel with written notice that it may introduce at trial evidence that the defendant inappropriately touched another eight-year old child and instructed her not to tell. The United States noted that this conduct occurred during the same timeframe as the conduct alleged

2

in the indictment. At the defendant's request, the United States provided additional police reports to the defense last week regarding this conduct.

## II.   Legal Principles

Pursuant to Rule 404(b), evidence of a crime, wrong, or other act is not admissible to prove a person's character, but it "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Before the court may admit 404(b) evidence, it must: (1) determine whether [there] is sufficient evidence that the prior acts occurred; (2) determine whether the other act is admissible for one of the proper purposes outlined in the rule; and (3) apply Rule 403 balancing to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice." *United States v. Hardy*, 643 F.3d 143, 150 (6th Cir. 2011).

## III.   Analysis

The Court should deny the defendant's motion (R.31) to exclude Rule 404(b)(2) evidence. The United States does not intend to offer this evidence unless the defense first opens the door. If the defense does so, the United States should be permitted to respond.

### A.  Evidence That the Conduct Occurred

The Rule 404(b)(2) conduct involved the defendant intentionally touching another child on the hand, arm, and/or leg in a way that made her and her family uncomfortable. The child was about the same age as the victims in this case, and the conduct occurred during the same timeframe. The defendant told that child not to tell.

If necessary, the United States intends to prove that the conduct occurred by offering the testimony of one or two percipient witnesses. Such testimony is more than sufficient to satisfy the applicable standard. *See United States v. Hopper*, 436 F. App'x 414, 420 (6th Cir. 2011) ("the government is not required to demonstrate that the other acts occurred by a preponderance of the

evidence, but rather must present some substantiation that they occurred."). In fact, "the testimony of a single witness is sufficient to support a conviction." *United States v. Washington*, 702 F.3d 886, 891 (6th Cir. 2012); *see also United States v. Johnson*, 106 F. App'x 461, 465 (6th Cir.2004) ("the uncorroborated testimony of a single witness is a sufficient basis for a federal conviction"). Thus, witness testimony is sufficient to satisfy the first admissibility prong.

### B. The Evidence is Being Offered for a Proper Purpose

As noted above, the United States does not intend to use the defendant's conduct with another child as a sword, but only as a shield in the event the defendant claims his conduct with the children in this case was the result of accident or mistake, or that he lacked intent. Rule 404(b)(2) expressly recognizes such purposes as proper. *See* Fed. R. Evid. 404(b)(2). Moreover, these purposes will be "at issue" if the defendant chooses to make out a defense on these bases. As noted above, the defendant has previously suggested such a defense, and in his motion to exclude, he continues to reserve the right to advance it at trial, stating, he "may or may not assert a defense based on mistake or accident." (R.31: Mot., PageID.76.)

### C. The Probative Value of the Evidence is Not Substantially Outweighed

If the defendant places the issues of mistake, accident, or intent "at issue," then evidence of his intentional conduct with another child would be more probative than prejudicial. "'Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest [a] decision on an improper basis.'" *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006) (citation omitted). Where a defendant makes his mental state an issue, presentation of evidence addressing this very claim has no risk of confusing the issues, misleading the jury, causing undue delay, or wasting

time. On the contrary, this evidence is necessary to address the issue the defendant himself has raised. And the defendant has suggested no other evidence that would be probative of these issues.

Furthermore, the nature of the "other" conduct is far less serious than the nature of the charged conduct. Thus, there is no risk this other conduct will eclipse or overshadow the charged conduct and cause undue prejudice. *See, e.g., United States v. Delaney*, 443 F. App'x 122, 133 (6th Cir. 2011) ("Because the conversations are less lurid than the conduct involving Amanda, the risk that the jury gave them undue attention is lessened.") In fact, the Sixth Circuit has affirmed the introduction of far more prejudicial evidence where a defendant claimed mistake or accident. *See id*. (affirming admission of chat messages discussing, among other things, the defendant's "sexual interest in young girls").

Finally, any risk of unfair prejudice can be addressed through a narrowly tailored instruction to the jury that they are to consider the evidence for the sole purpose of assessing the defendant's claim that his conduct was unintentional or was the result of accident or mistake. The Sixth Circuit recognizes that tailored instructions such as these are appropriate and adequate to address any risk of unfair prejudice. *See, e.g.*, *United States v. Thompson*, 690 F. App'x 302, 309 (6th Cir. 2017).

### IV.  Conclusion

For the foregoing reasons, the Court should deny the defendant's motion.

                                        Respectfully submitted,

                                        ANDREW BYERLY BIRGE
                                        United States Attorney

Dated: May 10, 2021                        */s/ Sean M. Lewis*
                                        SEAN M. LEWIS
                                        Assistant United States Attorney
                                        P.O. Box 208
                                        Grand Rapids, Michigan  49501-0208