UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                      No. 1:21-CR-4

      vs.                              Hon. Hala Y. Jarbou
                                        United States District Judge

ALEXANDER SCOTT YOSSETT,

                Defendant.
_____/

## UNITED STATES' SENTENCING MEMORANDUM

The defendant stands convicted of Abusive Sexual Contact with a Child under 12 Years. He sexually abused two children under the age of 12, and both children were in his care, custody, and control. His conduct was extraordinarily serious, and it warrants a correspondingly serious punishment. Based on the totality of the defendant's conduct and history, the United States recommends a custodial sentence at the top of the advisory guideline range, followed by a lifetime of supervised release.

**I.**     **FACTS**

Between 2018 and 2020, the defendant had access to Child 1 and Child 2 because he was in a relationship with the children's mother. During the time they were together, the defendant sexually assaulted both children. The details of those sexual assaults are set forth in detail in the Presentence Report (R.51), Plea Agreement (R.43), and Superseding Indictment (R.26.) Out of respect for the victims' privacy, we will not reiterate those details here. Instead, we incorporate that information by reference as if set forth fully herein.

## II.  SECTION 3553(a) FACTORS

### A. The Nature And Circumstances Of The Offense And The History And Characteristics Of The Defendant

The nature and circumstances of the offense are summarized above and in Presentence Report (R.51), Plea Agreement (R.43), and Superseding Indictment (R.26.)

The Presentence Report also documents the history and characteristics of the defendant. While the defendant has no adult criminal convictions, his history contains additional troubling allegations that parallel the conduct that led to his conviction in this case.  (R.51: PSR, PageID.220, ¶ 59.)  To his credit, however, the defendant took responsibility for his actions in this case by pleading guilty.  He also admitted that he has anger management issues and a need for counseling. (*Id.*, PageID.223, ¶ 78-80.)

### B. The Factors Enumerated In Section 3553(a)(2)

The United States respectfully submits that a sentence at the top of the advisory guideline range is appropriate to adequately account for the factors enumerated in Section 3553(a)(2).

> 1.*The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

The seriousness of the defendant's crimes cannot be overstated.  Crimes involving the sexual abuse of children are among the most serious offenses there are.  *See, e.g., United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) ("[c]hild sex crimes are among the most egregious and despicable of societal and criminal offenses").  Children are amongst the most vulnerable of victims, and the children in this case were particularly vulnerable to the defendant for a host of reasons, including their age and living arrangements.  The defendant's actions inflicted great harm on his victims, and the children will bear the emotional and psychological scars from his abuse

their entire lives.  Society recognizes the gravity and seriousness of these offenses and has rightly provided for the significant penalties the United States recommends in this case.

There is also a significant need for the sentence in this case to promote respect for the law. The defendant has demonstrated through his conduct that he has little respect for the law or the bodily integrity of vulnerable victims.  A significant sentence is needed to foster such respect. Similarly, a significant sentence is needed to provide just punishment for the defendant's conduct.

> 2. *The need for the sentence imposed to afford adequate deterrence to criminal conduct.*

The recommended sentence in this case involves a long period of incarceration.  This period of incarceration will appropriately serve as a deterrent to conduct involving the sexual abuse of children.  Those who are contemplating offending as the defendant has done must understand the legal system will not tolerate this type of behavior and the consequences will be appropriately severe.

> 3. *The need for the sentence imposed to protect the public from further crimes of the defendant.*

A lengthy period of incarceration is needed to protect the public.  While incarcerated and under supervision, it will be more difficult for the defendant to engage in similar conduct. Moreover, it is the United States' hope that the penalties imposed by the Court will emphasize to the defendant that there are significant consequences for such conduct, which will discourage him from again engaging in such conduct, which will in turn protect the community.

> 4. *The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

While incarcerated and under supervision, the defendant can take advantage of programs and counseling provided by or arranged through the Bureau of Prisons and/or U.S. Probation.  This

is not to suggest that treatment or rehabilitation is a reason to incarcerate the defendant.  *See Tapia v. United States*, 131 S. Ct. 2382, 2393 (2011) (a prison term may not be imposed or lengthened to foster rehabilitation).  Instead, whatever the defendant's needs may be, they are not a reason to impose a shorter sentence because his needs can be met in prison.

C.  The Kinds of Sentences Available

As noted in the Presentence Report, the Court may impose any term of imprisonment up to life.  (R.51: PSR, PageID.225, ¶ 93.)  Incarceration must be followed by a term of supervised release of not less than five years, up to life.  (*Id.*, PageID.226; ¶ 100.)

D.  The Advisory Sentencing Guidelines

The applicable Advisory Sentencing Guidelines range is 235-293 months of incarceration, based on a total offense level 38, criminal history category I.  (R.51: PSR, PageID.225, ¶ 94.)  The guideline range for supervised release is 5 years to life.  (*Id.*, PageID.226; ¶ 101.)

E.  Any Pertinent Policy Statement

The United States is not aware of any pertinent policy statements.

F.  Avoiding Unwarranted Sentence Disparities

Unwarranted sentencing disparities are not an issue in this case.  The United States is requesting a within-guidelines sentence, which reduces the likelihood of unwarranted disparities.

G.  Restitution

Federal law provides for restitution in cases such as this one.  *See* 18 U.S.C. § 2248.  The plea agreement also noted that restitution was applicable.  (R.43 Plea Agm't, PageID.174, ¶ 4.)

As of the date of this memo, the victims have not requested restitution.  If a restitution request is submitted before sentencing, the United States will forward it to the Court and counsel.

## III.    Victim Impact Statements

Child 2 submitted a written victim impact statement, which has been incorporated into the Presentence Report.  (R.51: PSR, PageID.217, ¶ 31.)  The undersigned will bring copies of the statement to sentencing, should the Court wish to review it directly.

As of the date of this memo, Child 1 has not submitted a victim impact statement.  If a statement is submitted before sentencing, the United States will forward it to the Court and counsel.

## IV.    Conclusion

For the reasons set forth above, the United States respectfully requests that the Court impose the sentence recommended above to achieve the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

ANDREW BYERLY BIRGE
United States Attorney

Dated: August 31, 2021           */s/ Sean M. Lewis*
                                 SEAN M. LEWIS
                                 Assistant United States Attorney
                                 P.O. Box 208
                                 Grand Rapids, Michigan  49501-0208
                                 (616) 456-2404